[694 NYS2d 75]

In the Matter of ANDREW C. CARLIN, an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE NINTH JUDICIAL DISTRICT, Petitioner.

Second Department, June 28, 1999

### APPEARANCES OF COUNSEL

*Gary L. Casella,* White Plains (*Matthew Renert* of counsel), for petitioner.

*Richard E. Grayson,* White Plains, for respondent.

**OPINION OF THE COURT**

Per Curiam.

The respondent was served with a petition and a supplemental petition that contained eight charges of professional misconduct against him. In his answer, the respondent admitted most of the factual allegations contained in the petition and the supplemental petition. After the hearing, the Special Referee sustained all of the charges of professional misconduct against him. The Grievance Committee now moves to confirm, and respondent cross-moves to disaffirm, the Special Referee's report.

Charge One alleges that the respondent neglected a legal matter entrusted to him, in violation of Code of Professional Responsibility DR 6-101 (A) (3) (22 NYCRR 1200.30 [a] [3]):

In 1987 the respondent was retained by Barbara Ferro regarding a possible divorce action. In or about September 1987, the respondent commenced a divorce action against Joseph Ferro in the Supreme Court, Westchester County. An answer, with counterclaims, was served in or about November 1987.

On or about October 1, 1992, the Family Court, Westchester County, issued an order regarding companion support proceedings. The order set the amount of arrears due Mrs. Ferro and the manner of payment. It also provided that, on or about October 1, 1992, Mr. Ferro was to transfer and assign his postal worker's pension to Mrs. Ferro and make certain payments therefrom. His failure to do so would allow Mrs. Ferro to enter a judgment against him for the full amount of arrears.

On or about October 6, 1992, the respondent wrote to the United States Office of Personnel Management advising it that he would furnish the necessary documentation for the court-ordered apportionment of Mr. Ferro's retirement benefits. However, the respondent could provide no evidence that he did so. In or about 1993, the respondent learned that Federal retirement benefits cannot be apportioned unless there is a decree of divorce or separation. Moreover, an issue arose regarding the impact of a divorce on Mrs. Ferro's medical benefits.

In or about July 1994, Mr. and Mrs. Ferro went to the respondent's office and signed a stipulation of settlement and other papers in a purportedly new action that the respondent

commenced on Mrs. Ferro's behalf. The stipulation provided that Mr. Ferro would maintain medical insurance for his wife and that he would share all payments under his pension plan with his wife. The stipulation also provided that, contemporaneously therewith, Mr. and Mrs. Ferro would assign and transfer the proprietary lease and stock of a cooperative apartment to Mrs. Ferro, who would be the sole owner. The respondent subsequently failed to file the aforementioned papers with the court or to take any further action in the matter.

Charge Two alleges that the respondent engaged in conduct that is prejudicial to the administration of justice and that adversely reflects on his fitness to practice law, in violation of Code of Professional Responsibility DR 1-102 (A) (5) and (8) (22 NYCRR 1200.3 [a] [5], [8]), by failing to cooperate with an investigation of the Grievance Committee for the Ninth Judicial District:

In or about July 1994, Mrs. Ferro filed a complaint with the petitioner. A copy was sent to the respondent. The respondent submitted an answer in or about August 1994 in which he advised the petitioner that he would complete the matter or turn it over to another attorney.

By a letter dated January 25, 1995, the petitioner requested additional information from the respondent. The petitioner also requested that the respondent reply within 10 days. He failed to respond.

By a letter dated February 15, 1995, which was sent by certified mail, return receipt requested, the respondent was directed to provide the information requested in the letter dated January 25, 1995. Moreover, the respondent was advised that a failure to respond constitutes professional misconduct independent of the underlying complaint. The respondent telephoned counsel for the petitioner on March 31, 1995, and stated that he would respond to the letters dated January 25, 1995, and February 15, 1995. He failed to do so.

By a letter dated April 5, 1995, which was sent by certified mail, return receipt requested, the respondent was directed to provide the previously requested information. The respondent was again advised that a failure to respond constitutes professional misconduct independent of the underlying complaint. He was further advised that a failure to respond would result in subpoenas being issued for his appearance and for the production of his file. The respondent failed to respond, and subpoenas were served on the respondent for his appearance at the petitioner's office on May 3, 1995.

Charge Three alleges that the respondent neglected a legal matter entrusted to him, in violation of Code of Professional Responsibility DR 6-101 (A) (3) (22 NYCRR 1200.30 [a] [3]):

On or about May 3, 1995, the respondent appeared at the office of the petitioner, gave testimony under oath, and produced his file pursuant to the subpoenas served on him.

On or about May 10, 1995, the respondent wrote to Mrs. Ferro and requested that she authorize him to proceed or sign a consent-to-change-attorney form. Mrs. Ferro subsequently requested the respondent to proceed.

In or about July 1995, Mr. and Mrs. Ferro executed a new set of papers in an action for separation. According to records in the Westchester County Clerk's office, the summons was filed on July 26, 1995. However, a request for judicial intervention was not filed until November 22, 1995, after the petitioner's inquiries.

By a letter dated January 25, 1996, the petitioner issued a Letter of Admonition to the respondent regarding his handling of Mrs. Ferro's matter. Issuance of the Letter of Admonition was conditioned on the respondent's completion of the Ferro matter and his submission of proof that Mr. Ferro's pension fund received and accepted the court's order. The respondent failed to complete the Ferro matter.

Charge Four alleges that the respondent engaged in conduct that is prejudicial to the administration of justice and that adversely reflects on his fitness to practice law, in violation of Code of Professional Responsibility DR 1-102 (A) (5) and (8) (22 NYCRR 1200.3 [a] [5], [8]), by failing to cooperate with an investigation of the Grievance Committee for the Ninth Judicial District:

Despite frequent inquiries and reminders from the petitioner's staff, the respondent failed to complete Mrs. Ferro's matter and failed to submit proof that Mr. Ferro's pension fund received and accepted the court's order.

Charge Five alleges that the respondent engaged in conduct that adversely reflects on his fitness to practice law, in violation of Code of Professional Responsibility DR 1-102 (A) (8) (22 NYCRR 1200.3 [a] [8]), by breaching his fiduciary duties:

In or about May 1996, the respondent was retained by Bella Casale to pursue a claim against Wilfredo Perez for approximately $30,000. In or about June 1996, the respondent reached a settlement with Perez's attorney. In exchange for $2,000, Perez agreed to vacate and transfer his interest in a co-

operative apartment that he owned jointly with Ms. Casale's daughter.

On or about June 25, 1996, Ms. Casale provided the respondent with $2,000 to hold in his escrow account. The respondent and Ms. Casale agreed that the respondent would not turn the $2,000 over to Perez until Perez completed all the paperwork necessary for the transfer of his interest in the apartment. On or about July 1, 1996, Perez vacated the apartment and turned the keys over to his attorney. Although Perez had not yet executed the form needed to transfer his interest in the apartment, the respondent paid the $2,000 to Perez's attorney on or about July 3, 1996.

Charge Six alleges that, based on the allegations contained in Charge Five, the respondent intentionally failed to seek the lawful objectives of his client, in violation of Code of Professional Responsibility DR 7-101 (A) (1) (22 NYCRR 1200.32 [a] [1]).

Charge Seven alleges that the respondent engaged in conduct that adversely reflects on his fitness to practice law, in violation of Code of Professional Responsibility DR 1-102 (A) (8) (22 NYCRR 1200.3 [a] [8]); by failing to safeguard his client's interests:

On or about July 19, 1996, the respondent had Ms. Casale execute a general release in which she agreed to waive her $30,000 claim against Perez. Although Perez still had not authorized the transfer of his interest in the cooperative apartment, the respondent forwarded the executed release to Perez via his attorney.

Charge Eight alleges that the respondent engaged in conduct that is prejudicial to the administration of justice and that adversely reflects on his fitness to practice law, in violation of Code of Professional Responsibility DR 1-102 (A) (5) and (8) (22 NYCRR 1200.3 [a] [5], [8]), by failing to cooperate with an investigation of the Grievance Committee for the Ninth Judicial District:

A copy of Bella Casale's grievance was sent to the respondent with a cover letter dated November 15, 1996, directing him to provide a written answer within 10 days of his receipt thereof. When no answer was received, a second copy was sent to the respondent by certified mail, return receipt requested, with a cover letter dated December 12, 1996. That letter also directed the respondent to provide a written answer within 10 days of his receipt thereof and advised the respondent that the

petitioner could move for his immediate suspension from the practice of law if he failed to do so. It was delivered to the respondent's office on December 17, 1996.

When no answer was received, counsel for the petitioner spoke to the respondent by telephone on January 7, 1997, and January 13, 1997. Counsel reminded the respondent of his obligation to submit an answer. On January 22, 1997, when no answer was received, the respondent was served with a subpoena duces tecum directing him to appear at the petitioner's offices and produce his file in the Casale matter.

In view of the evidence adduced at the hearing, all eight charges of professional misconduct against the respondent were properly sustained by the Special Referee.

In determining the appropriate measure of discipline to impose, the respondent asks the Court to consider his previously unblemished record, his long history of community service, the character evidence presented at the hearing, his medical problems, the breakup of his law firm, and his admissions regarding the charges against him. The respondent contends that the sanction imposed, if any, should be limited to a public censure.

The respondent has no prior disciplinary history.

Under the totality of the circumstances, the respondent is suspended from the practice of law for a period of two years.

MANGANO, P. J., BRACKEN, S. MILLER, O'BRIEN and ALTMAN, JJ., concur.

Ordered that the petitioner's motion to confirm the report of the Special Referee is granted; and it is further,

Ordered that the respondent's cross motion to disaffirm the report of the Special Referee is denied; and it is further,

Ordered that the respondent, Andrew C. Carlin, is suspended from the practice of law for a period of two years, commencing August 6, 1999, and continuing until the further order of this Court, with leave to the respondent to apply for reinstatement no sooner than six months prior to the expiration of the said period of two years, upon furnishing satisfactory proof (a) that during the said period he refrained from practicing or attempting to practice law, (b) that he has fully complied with this order and with the terms and provisions of the written rules governing the conduct of disbarred, suspended and resigned attorneys (22 NYCRR 691.10), and (c) that he has otherwise properly conducted himself; and it is further,

Ordered that pursuant to Judiciary Law § 90, during the period of suspension and until the further order of this Court, the

respondent, Andrew C. Carlin, shall desist and refrain from (1) practicing law in any form, either as principal or agent, clerk or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law.